EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV421
A - ROBERT D. ALEXANDER
SEP 03, 2024 09:10 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

# General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of Jackson County

**For Clerk Use Only**

**Date Filed** 09-03-2024 **Case Number** 24SV421
MM-DD-YYYY

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| BROWN, SANQUITA | | | | | WALMART TRANSPORTATION | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | WALMART INC. | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Yashinsky, Jeff **Bar Number** 780370 **Self-Represented** ☐

**Check one case type and, if applicable, one sub-type in one box.**

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_______________ Case Number _______________ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_______________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

# STATE COURT OF JACKSON COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 24SV421

BROWN, SANQUITA

**PLAINTIFF**

**VS.**

WALMART TRANSPORTATION
WALMART INC.

**DEFENDANTS**

## SUMMONS

TO: WALMART INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Jeff Yashinsky**
**Nick Schnyder Law Firm**
**351 Atlanta St. SE**
**MARIETTA, Georgia 30060**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of September, 2024.**

Clerk of State Court

Camie W. Thomas

Camie W. Thomas, Clerk
Jackson County, Georgia

# STATE COURT OF JACKSON COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER 24SV421

BROWN, SANQUITA

**PLAINTIFF**

**VS.**

WALMART TRANSPORTATION
WALMART INC.

**DEFENDANTS**

**SUMMONS**

TO: WALMART TRANSPORTATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Jeff Yashinsky**
**Nick Schnyder Law Firm**
**351 Atlanta St. SE**
**MARIETTA, Georgia 30060**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 3rd day of September, 2024.**

Clerk of State Court

Camie W. Thomas

Camie W. Thomas, Clerk
Jackson County, Georgia

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV421
A - ROBERT D. ALEXANDER
SEP 03, 2024 09:10 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

SANQUITA BROWN, *
*
Plaintiff, *
* CIVIL ACTION FILE NO.
v. *
*
WALMART, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC, CORP., *
*
*
*
Defendants. *

**COMPLAINT FOR DAMAGES**

COMES NOW, SANQUITA BROWN, (hereinafter referred to as "Plaintiff,") by and through undersigned counsel, and files this **Complaint for Damages** against WALMART, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE and ABC CORP. (hereinafter referred to as "Defendants") and shows this court the following:

**PARTIES AND JURISDICTION**

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant WALMART, INC., (hereinafter referred to as "Walmart") is a for profit foreign corporation with its principal place of business located at 702 SW 8th Street, Bentonville Arkansas 72716. At all times material hereto, Walmart was authorized to do business and was conducting business in the state of Georgia. Thus, Walmart is subject to the jurisdiction of this court and may be served by and through its registered

agent for service of process, to wit: The Corporation Company, 410 Peachtree Parkway, Suite 4245, Cumming Georgia 30041 in Forsyth County.

3.

Defendant WAL-MART Transportation, LLC (hereinafter referred to as "Wal-Mart Transportation") is a for profit foreign corporation with its principal place of business located at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas, 72201. At all times material hereto, Wal-Mart Transportation was authorized to do business and was conducting business in the state of Georgia. Thus, this Defendant is subject to the jurisdiction of this court and may be served by and through its registered agent for service of process, to wit: The Corporation Company, 410 Peachtree Parkway, Suite 4245, Cumming Georgia 30041 in Forsyth County.

4.

Upon information and belief, and at all times material hereto, Defendant John Doe was an employee/agent of Defendants Walmart, Wal-Mart Transportation and/or ABC Corp. (Collectively referred to herein as "Defendant Corporations") and was on dispatch and/or in the course and scope of his employment with Defendant Corporations at the time of the subject collision. The true name and capacity of Defendant John Doe is unknown to Plaintiff at this time. Therefore, Plaintiff sues this defendant by its fictitious name. Plaintiff will amend this Complaint to substitute the true name of this defendant when same is ascertained.

5.

Upon information and belief, and at all times material hereto, Defendant ABC Corp. was a Georgia corporation and/or a for profit foreign company authorized to do business

and conducting business in the state of Georgia and Defendant John Doe's employer at the time of the subject collision. The true name and capacity of Defendant ABC Corp is unknown to Plaintiff at this time. Therefore, Plaintiff sues this defendant by its fictitious name. Plaintiff will amend this Complaint to substitute the true name of this defendant when same is ascertained.

6.

Defendants are subject to the jurisdiction of this Court.

7.

This Court has jurisdiction over the subject matter of this action.

8.

Venue is proper in Jackson County, Georgia pursuant to the Constitution of Georgia (Ga. Const., Art. VI, § II, ¶ VI), because this cause of action arose, and Plaintiff resides, in Jackson County, Georgia.

**BACKGROUND**

9.

On or about December 9, 2022, Plaintiff was driving a 2012 Toyota Camry in the far-right lane of the I-85 Northbound exit ramp, approaching its intersection with GA 129 North, and operating her vehicle in a safe and proper manner.

10.

After Plaintiff exited the interstate and reached the intersection, she brought her vehicle to a controlled stop to wait for traffic to clear, before turning turn right onto GA 129 North.

11.

At or about that time, Defendant John Doe was operating a large tractor trailer, with Indiana trailer tag number P546174, believed to be owned by and/or on dispatch by Defendant Corporations, heading in the same direction as Plaintiff, approaching the same intersection and coming up from behind her. As Plaintiff waited for traffic to clear to proceed with her turn, Defendant Doe drove his vehicle along the left side of Plaintiff's Camry and, as he attempted to turn right at the same intersection, he encroached Plaintiff's lane and collided with the driver side of her vehicle, causing a violent collision.

12.

After striking Plaintiff's vehicle, Defendant Doe completed making his right turn onto GA 129 North and, without stopping to provide his information or checking to make sure he didn't cause any injuries, drove away.

13.

Defendant Doe failed to stop after the collision or render aid as he fled the scene.

14.

The impact from the collision caused significant property damage to the vehicle Plaintiff was driving and serious injuries to Plaintiff.

**COUNT I:**
**NEGLIGENCE**

15.

Plaintiff realleges and incorporates the above-stated paragraphs as fully set forth herein.

16.

While Plaintiff was properly stopped for traffic, Defendant Doe negligently failed to maintain his lane of travel and/or ensure sufficient distance between his truck and Plaintiff's vehicle, which caused a violent collision.

17.

Defendant John Doe owed a duty to Plaintiff to operate his vehicle in an ordinary and prudent manner.

18.

At the time and occasion in question, Defendant John Doe breached his duty to Plaintiff by negligently failing to exercise due care - O.C.G.A § 40-6-241, driving too fast for conditions- O.C.G.A. § 40-6-180, failing to exercise ord. care - O.C.G.A § 51-1-2, failing to maintain control of his vehicle, following too closely - O.C.G.A § 40-6-49, failing to maintain lane - O.C.G.A § 40-6-48, as well as failing to keep a proper lookout, driving while distracted and leaving the scene of an accident without stopping to render aid - O.C.G.A § 40-6-270 which resulted in causing the subject collision.

19.

Defendant John Doe' actions caused a violent collision which resulted in property damage and severe bodily injury to Plaintiff.

20.

As a consequence of Defendant Doe's negligence, Defendant breached his duty of reasonable care to the automobile-driving public, and to Plaintiff in particular.

21.

Plaintiff in no way contributed negligently to the incident in question.

22.

Plaintiff experienced severe pain and suffering as a direct and proximate result of the collision.

23.

Defendant John Doe' negligence, which constituted the actual and proximate cause of Plaintiff's injuries, consisted of one or more of the following: failing to exercise due care - O.C.G.A § 40-6-241, driving too fast for conditions- O.C.G.A. § 40-6-180, failing to exercise ordinary care - O.C.G.A § 51-1-2, failing to maintain control of his vehicle, following too closely - O.C.G.A § 40-6-49, failing to maintain his lane - O.C.G.A § 40-6-48, failing to keep a proper lookout, distracted driving, leaving the scene of an accident without stopping and/or rendering aid - O.C.G.A § 40-6-270 and any other negligent, reckless or intentional acts/omissions as may be shown by the evidence and proven at trial.

**COUNT II:**
**NEGLIGENT ENTRUSTMENT**

24.

Plaintiff realleges and incorporate the above stated paragraphs as fully set forth herein.

25.

Upon information and belief, at all times material hereto, Defendant Corporations owned the vehicle being driven by Defendant John Doe and directed Defendant Doe's actions, directly benefitted from his use of their vehicle, and Defendant John Doe was driving under Defendant Corporations' direction when the subject collision occurred.

26.

Defendant Doe operated the subject vehicle with the knowledge and permission of Defendant Corporations.

27.

At all times material hereto, Defendant Corporations knew or should have known that Defendant Doe was an unsafe driver, insufficiently insured, and/or did not possess the requisite driving skills or judgment necessary to drive in a safe and lawful manner, thus constituting negligent entrustment on the part of Defendant Corporations.

**COUNT III:**
**VICARIOUS AND/OR IMPUTED LIABILITY**

28.

Plaintiff realleges and incorporates the above stated paragraphs as fully set forth herein.

29.

At the time of the subject collision, Defendant John Doe was under dispatch for Defendant Corporations.

30.

At the time of the subject collision, Defendant John Doe was operating a vehicle owned by and on behalf of Defendant Corporations and was within the course and scope of his employment.

31.

Upon information and belief, Defendant Corporations are intrastate or interstate motor carriers, and pursuant to federal and state laws, is responsible for the actions of

Defendant John Doe with regard to the collision described in this complaint under the doctrine of lease liability, O.C.G.A. § 51-2-2, respondent superior, agency, or apparent agency.

**COUNT IV:**
**NEGLIGENT HIRING, TRAINING & SUPERVISION**

32.

Plaintiff realleges and incorporates the above stated paragraphs as fully set forth herein.

33.

Defendant Corporations were negligent in hiring Defendant John Doe and entrusting him/her to drive their vehicle on their behalf.

34.

Defendant Corporations were negligent in failing to properly train Defendant Doe.

35.

Defendant Corporations were negligent in failing to properly supervise Defendant Doe.

36.

Defendant Corporations' negligence in hiring Defendant John Doe and entrusting him with driving a company vehicle and failing to train and supervise him properly was the sole and proximate cause of the collision, and Plaintiff's resulting injuries.

**COUNT V:**
**NEGLIGENCE PER SE**

37.

Plaintiff realleges and incorporates the above-numbered paragraphs as fully set forth herein.

38.

Defendant John Doe's negligence in the operation of the vehicle in his possession violated the statutes set forth in paragraph 18 above, which constitutes negligence per se or negligence as a matter of law.

39.

Defendant John Doe's violation of the above-stated laws which are meant to protect innocent drivers such as Plaintiff and to protect against unnecessary auto collisions such as the subject wreck in this action.

40.

As a direct and proximate result of Defendants' negligence per se, Plaintiff suffered and/or will continue to suffer from at least one of the following: physical injuries, mental anguish, past pain and suffering, present pain and suffering, future pain and suffering, past medical expenses, and future medical expenses. Plaintiff is entitled to recover all damages allowed under Georgia law as a result of Defendants' negligence per se.

## DAMAGES

41.

As the direct and proximate result of Defendants' negligence, Plaintiff received personal injuries, required medical care from treatment providers, incurred special damages, including medical expenses in an amount to be proven at trial. Plaintiff will supplement additional information as it becomes available, in accordance with *Bryant v. Haynie*, 216 Ga. App. 430 (1995).

42.

To date, Plaintiff's has incurred special damages in the amount of $40,389.80

43.

As a further direct and proximate result of Defendants' negligence, Plaintiff has sustained physical pain and suffering as well as emotional distress, and Plaintiff will continue to suffer in the future.

44.

The actions of Defendant John Doe and his employer(s) was intentional, willful and displayed a wanton disregard of care that would raise the presumption of conscious indifference to the consequences of their actions. Such a complete disregard for the safety of others, including Plaintiff, subjects these Defendants to punitive damages to be determined by the enlightened conscience of a fair and impartial jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following:

a) That Plaintiff's Complaint be filed, Summons issued, and service be perfected in accordance with the law;

b) For entry of judgment in Plaintiff's favor and against Defendants, as determined by a fair and impartial jury for the following claims: past, present, and future medical expenses; past, present, and future pain and suffering; and any other damages recoverable at law;

c) Plaintiff be awarded general damages to fully compensate for past, present, and future pain and suffering in an amount to be determined by the fair and enlightened conscience of the jury;

d) Plaintiff be awarded special damages to fully compensate for past, present, and future medical expenses in an amount to be determined at or before trial;

e) Plaintiff be awarded punitive damages to be determined by a fair and impartial jury pursuant to O.C.G.A §51-12-5.1;

f) Plaintiff be awarded all costs of bringing this action;

g) Process be issued requiring Defendants to answer according to law;

h) That attorney's fees be awarded for any assertion of frivolous claims or defenses pursuant to O.C.G.A. § 13-6-11 & O.C.G.A. § 9-15-14; and

i) Plaintiff be granted such further and other relief as this Court deems just and proper.

Respectfully submitted September 3rd, 2024.

**NICK SCHNYDER LAW FIRM, LLC**

By: _/s/ Jeff Yashinsky_
JEFF YASHINSKY, Esq.
Georgia Bar No. 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV421
A - ROBERT D. ALEXANDER
SEP 03, 2024 09:10 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| SANQUITA BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| WALMART, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC CORPORATION, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WALMART, INC.**

**COMES NOW**, Plaintiff in the above-styled action, by and through his undersigned attorney, pursuant to O.C.G.A. § 9-11-36, and serves upon Defendant Walmart, Inc. this Plaintiff's First Request for Admissions to Defendant Walmart, Inc. (hereinafter "Defendant Walmart").

Answers should specifically admit or deny the matter or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that he has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

**ADMISSIONS**

1.

Please admit that John Doe was an employee of Defendant WALMART at the time of the incident described in the complaint.

2.

Please admit that John Doe was acting within the scope of his employment and/or agency with Defendant WALMART at the time of the incident described in the complaint.

3.

Please admit that Defendant WALMART is responsible for the actions of John Doe at all times relevant to this litigation.

4.

Please admit that Defendant WALMART had sole supervisory authority over Defendant John Doe on the date of the subject collision.

5.

Please admit that Defendant WALMART owned the subject truck involved in the subject collision.

6.

Please admit that Defendant WALMART was solely responsible for the hiring, training, and retention of Defendant John Doe pertaining to his subject job on the date of incident.

7.

Please admit that Defendant WALMART performed no post collision drug testing of Defendant John Doe after the subject collision.

8.

Please admit that Defendant Walmart did not punish or fire Defendant John Doe as a result of the subject collision.

9.

Please admit that Defendant John Doe admitted fault for the subject collision to Defendant Walmart.

10.

Please admit that the subject vehicle was functioning properly prior to the subject collision.

11.

Admit that venue is proper in this case.

12.

Admit that Defendant did not perform a drug or alcohol screening of Defendant John Doe after the subject collision.

13.

Admit that Defendant knew Defendant John Doe was unfit to drive the subject vehicle prior to the subject collision.

Respectfully submitted September 03, 2024

**NICK SCHNYDER LAW FIRM, LLC**

By: /s/ Jeff Yashinsky
JEFF YASHINSKY, Esq.
Georgia Bar No. 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SANQUITA BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| WALMART, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC CORPORATION, | * | |
| | * | |
| Defendants. | * | |

**<u>CERTIFICATE OF SERVICE</u>**

This certifies that Plaintiff scheduled service on Defendant Walmart, Inc. of **Plaintiff's First Request for Admissions** hand attached as part of service of the Complaint in the above-named matter.

Respectfully submitted September 03, 2024

NICK SCHNYDER LAW FIRM, LLC

By: /s/ Jeff Yashinsky

Jeff Yashinsky, Esq.
Georgia Bar No.780370
Attorney for Plaintiff's

351 Atlanta Street SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV421
A - ROBERT D. ALEXANDER
SEP 03, 2024 09:10 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| SANQUITA BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| WALMART TRANSPORTATION, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC CORPORATION, | * | |
| | * | |
| Defendants. | * | |

**<u>PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT WALMART, INC.</u>**

COMES NOW, Plaintiff by and through the undersigned counsel pursuant to the Georgia Civil Practice Act. Defendant Walmart, Inc. (hereinafter referred to as "Defendant Walmart") is required to answer these interrogatories separately and fully in writing under oath and to serve a copy of its answers upon counsel for Plaintiff within forty-five (45) days after personal service.

**<u>INSTRUCTIONS</u>**

These interrogatories shall be deemed continuing and shall require supplemental answers. If you produce business records, pursuant to or in lieu of answering any interrogatory, you must specify the business records from which the answer to the interrogatory may be derived or ascertained and afford Plaintiff reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries.

In answering the following interrogatories, you are requested to give full and complete answers based upon your personal knowledge as well as that of any agent,

employee, investigator, or attorney who has obtained information on your behalf.

(A) Each interrogatory shall be answered separately and under oath. If any answer is based upon information and belief rather than personal knowledge, it should state that it is made on that basis.

(B) If the complete answer to an interrogatory is not known, state and answer as fully as possible each part of the interrogatory to which an answer is known.

(C) If any information is withheld under any claim of privilege:

(i) State the basis upon which privilege is claimed;

(ii) Identify, as defined below, the source of the information;

(iii) Identify, as defined below, each person from whom the information was obtained;

(iv) Identify, as defined below, every document which evidences or relates to such information; and

(v) State the subject matter of the information sufficient for purposes of identification.

## DEFINITIONS

(A) As used herein, "Defendant Walmart," "you," and "your" refers to Defendant Walmart, Inc. separately and individually, and any attorneys, agents, or representatives of any kind acting on his behalf.

(B) As used herein, the word "document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, interoffice or intra-office communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices,

tapes, discs, data sheets, data cards, computer printouts, software and other computer related materials, and every other written, typed, recorded, transcribed, filed, or graphic matter of any type or nature.

(C) As used herein, the word "person" shall mean any and all individuals, firms, partnerships, corporations, proprietorships, joint ventures, associations, governmental units, trusts, estates, and every other type of organization or entity.

(D) As used herein, the word "date" shall mean the exact day, month, and year, if ascertainable; otherwise, the word "date" shall mean the best available approximation (including the relationship to other events).

(E) As used herein, the word "identify," when used in reference to:

(1) An individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known business affiliation (designating which), job title and employment address, and present or last known telephone numbers for such residence and employers.

(2) A firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known (designating which) address(es) and telephone number(s).

(3) A document, shall mean to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state the type of document (i.e., a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If any document so identified was, but is no longer, in your

possession, custody, or control, state what disposition was made of it, when, why, by whom, and if applicable, identify to whom it was transmitted and identify the last known person having possession of it and state its last known location. In the case of a document within your (as defined above) possession, custody, or control, state whether you will make it available to the undersigned attorneys for inspection and/or copying.

(F) As used herein, "Occurrence" refers to the incident(s), collision(s), or event(s) that give rise to this lawsuit; specifically, the collision alleged in Plaintiff's Complaint.

(G) As used herein, "Defendant John Doe" and/or "John Doe" refers to the driver of the Walmart vehicle with the Indiana license plate tag on its trailer "P546174" that is identified as the vehicle involved in the subject wreck on December 9, 2022.

(H) In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; and the feminine includes the masculine.

## INTERROGATORIES

1.

If you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, including, but not limited to, any alleged failure to comply with the provisions of any Georgia law, as to each such defense, state the following:

(a) A detailed basis for each such defense and each and every fact upon which you rely in asserting such defense;

(b) Provide a complete description of all documents reflecting such facts or which you contend support the assertion of any such defense;

(c) Name, position and address of all persons with knowledge of such facts.

2.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a) Was an eyewitness to the incident complained of in this action;

(b) Has some knowledge of any fact or circumstance upon which your defense is based;

(c) Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of any party to this action.

3.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

4.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Has any entity issued a policy of liability insurance to Defendant Walmart? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

6.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

7.

Do you contend that Plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

8.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

9.

Please identify the employment relationship between Defendant John Doe, Defendant Walmart, and Defendant Walmart Transportation, LLC. on the date of this accident.

10.

Please identify the specific vehicle Defendant John Doe was operating at the time of this accident.

11.

Please identify all documents setting forth Defendant Walmart's Company regulations and specifications relating to the operation of the vehicle Defendant John Doe was operating at the time of this accident.

12.

State the point of origin, destination and reason for the trip being made by Defendant John Doe at the time of the accident referred to in the complaint.

13.

Please state in detail the factual basis for each defense you have raised in your answer to the complaint.

14.

Please state any and all known citations or road violations Defendant John Doe has received while employed with your company. State the charge, where the charge was issues, how it was resolved, and when Defendant Walmart learned of the infraction.

15.

Please state all disciplinary action taken against Defendant John Doe while employed with Defendant Walmart in the last fifteen (15) years. State the reasons for the actions and any punishments handed down against Defendant John Doe.

16.

Please state if drug or alcohol testing was performed on Defendant John Doe as a result of the subject collision. Please state the outcome of the test, where the test was performed, by whom, what the test did and did not cover, and the date and time of the test. If no such tests were performed, please state why they were not.

17.

Has Defendant John Doe ever been suspended while employed with Defendant Walmart? If so please state when the suspension occurred and the reasons for the suspension.

18.

Please identify all onboard monitoring devices on the subject vehicle on the date of incident including cameras, black boxes, or governors. Please state if any information was recorded from the subject incident and what party is in possession of the information obtained.

19.

Please identify any and all documents known to you or which are in your possession relating to Defendant John Doe's driving record including but not limited to any and all collisions she was involved in prior to and while employed with Defendant Walmart.

20.

Please identify any and all documents known to you or which are in your possession any and all documents relating to Defendant Walmart's knowledge of Defendant John Doe's experience and qualifications for driving for Defendant Walmart.

21.

Please identify any and all documents known to you or which are in your possession any and all documents or policies relating to how Defendant Walmart scores or rates the performance of their drivers including but not limited to their "Matrix" system.

22.

Please identify any and all documents known to you or which are in your possession any and all documents, check sheets, or other forms filed or required to be filed by Defendant Walmart employee and/or contract drivers when utilizing their vehicles. If Defendant John Doe did not complete such forms pertaining to the date of incident, please state why.

23.

Any and all documents or policies relating to any training or documents Defendant Walmart's drivers are required to complete (including but not limited to the TENS test) including all results and scores Defendant John Doe received.

24.

Any and all documents in their original form relating to the subject collision including all investigation and incident reports.

25.

Please state when you first became aware of the subject collision, and by what means.

Respectfully submitted September 03, 2024

**NICK SCHNYDER LAW FIRM, LLC**

By:*/s/ Jeff Yashinsky*
JEFF YASHINSKY, Esq.
Georgia Bar No. 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SANQUITA BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| WALMART TRANSPORTATION, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC CORPORATION, | * | |
| | * | |
| Defendants. | * | |

## CERTIFICATE OF SERVICE

This certifies that Plaintiff scheduled service on Defendant Walmart Inc. of **Plaintiff's First Interrogatories** hand attached as part of service of the Complaint in the above-named matter.

Respectfully submitted September 03, 2024

**NICK SCHNYDER LAW FIRM, LLC**

By:*/s/ Jeff Yashinsky*
Jeff Yashinsky, Esq.
Georgia Bar No. 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV421
A - ROBERT D. ALEXANDER
SEP 03, 2024 09:10 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA**

SANQUITA BROWN, *
*
Plaintiff, *
* CIVIL ACTION FILE NO.
v. *
*
WALMART, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC CORPORATION, *
*
Defendants. *

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART, INC.**

COMES NOW, Plaintiff, by and through the undersigned counsel pursuant to O.C.G.A. § 9-11-26, § 9-11-34, and serves this First Request for Production of Documents and Notice To Produce in the above styled action upon Defendant Walmart, Inc. (herein after "Defendant Walmart "). Defendant Walmart is required to comply with said Code sections as follows:

## I. INSTRUCTIONS

If any document is withheld under any claim of privilege, each and every document for which a privilege is claimed shall be identified by providing the following information:

(a) date of creation,

(b) every person known to have seen such document or to have been told of the contents of such document,

(c) the subject matter of such document sufficient for identification, and

(d) the basis upon which such privilege is claimed.

If any document so identified was, but is no longer, in you possession, custody or control, state what disposition was made of it, when, why, by whom, and if applicable, identify to whom it

was transmitted and identify the last known person having possession of it and its last known location.

This request for production of documents shall be continuing as required by O.C.G.A. § 9-11-26(e).

All documents produced pursuant to this request shall be produced in separate groups of documents responsive to each separate request.

All definitions set forth below shall be carefully followed:

## II. DEFINITIONS

(1) "Person" shall mean natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(2) "Document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, intra-office or interoffice communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, microfilm, microfiche, discs, data sheets, data processing cards, computer printouts, software and other computer-related materials, photographs, negatives, film, and every other written, typed, recorded, transcribed, filed, or graphic matter.

(3) As used herein, "Defendant", "you" and "your" refers to Defendant, individually, and any attorneys, agents, employees, contractors, or representatives of any kind that have acted or that are acting on his or her behalf.

(4) As used herein, the term "Occurrences" refers to the incidents or events that give rise to this lawsuit; specifically, the assault and battery alleged in Plaintiff's Complaint.

(5) As used herein, "Defendant John Doe" and/or "John Doe" refers to the driver of the Walmart Transportation vehicle with the Indiana license plate tag on its trailer "P546174" and is identified as the vehicle involved in the subject wreck with Plaintiff's vehicle on December 9, 2022.

(6) In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; the feminine includes the masculine.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Please produce any and all documents used in the preparation and response to Plaintiff's Interrogatories to Defendant.

2.

Please produce any reports or documents created by you relating to the accident, which forms the subject of this lawsuit.

3.

Please produce a copy of any insurance documents (including the full policy) that may provide indemnification for the claim asserted against you regardless of whether you believe it affords coverage or not.

4.

Please produce all photographs, videos, charts, or drawings referenced in Plaintiff's interrogatories.

5.

Please produce a copy of any reports including incident reports, accident reports or other documents compiled as a result of any investigation conducted by Defendant or on

Defendant's behalf in connection with the collision referenced in Plaintiff's complaint.

6.

The declaration pages and a full copy of <u>all insurance policies</u> including umbrella policies which affords Defendant insurance on the date of incident, whether or not it is your opinion it offers coverage for this incident.

7.

All government statutes, ordinances, standards, regulations and other laws that you contend support your defenses in this matter.

8.

All reports, correspondence, memos, notes, photos, exhibits and other documents embodying observations, calculations, illustrations and opinions from experts who may testify at trial concerning these occurrences or other subject matter involved in this lawsuit.

9.

All documents (including text messages or apologies) that relate to any attempts made by Defendant to resolve the matters that form the basis for this lawsuit.

10.

Any document prepared as a result of the incident complained of in Plaintiff's Complaint including memorandums, emails, investigations, text message, social media, facebook posts etc.

11.

Any documents relating to any communication between you, or anyone acting on your behalf, with any of Plaintiff's doctors, hospitals, or other healthcare providers concerning Plaintiff's condition <u>after</u> the happening of the subject injury.

12.

Any documents, contracts, agreements or other records evidencing or referencing the driver of the vehicle identified as the Walmart truck involved in the subject accident, having Indiana trailer license plate tag No. P546174 and that was involved in the subject accident with Plaintiff on December 9, 2022.

13.

Please produce the complete personnel file of the driver of the vehicle identified as the Walmart truck involved in the subject accident, having Indiana trailer license plate tag No. P546174 and that was involved in the subject accident with Plaintiff on December 9, 2022.

14.

Any and all vehicle maintenance, inspection or operational logs for the Walmart truck involved in the subject accident, having Indiana trailer license plate tag No. P546174 and that was involved in the subject accident with Plaintiff on December 9, 2022.

15.

Any certification, licenses, or other training John Doe has which allows him to operate the vehicle or type of vehicle she was operating at the time of this accident.

16.

Any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document;

(d) A description of each document.

18.

All documents or information retrieved from the subject vehicle including but not limited to governors, black boxes, radios, cameras, etc.

19.

Any and all documents relating to John Doe's driving record including but not limited to any and all collisions she was involved in prior to and while employed with Defendant Walmart.

20.

Any and all documents relating to Defendant Walmart's knowledge of John Doe's experience and qualifications for driving for Defendant Walmart.

21.

Any and all documents or policies relating to how Defendant Walmart scores or rates the performance of their drivers including but not limited to their "Matrix" system.

22.

Any and all document, check sheets, or other forms filed or required to be filed by Defendant Walmart drivers when utilizing their vehicles. If Defendant John Doe did not complete such forms pertaining to the date of incident, please so state and why.

23.

Any and all documents or policies relating to any training or documents Defendant Walmart's drivers are required to complete (including but not limited to the TENS test) including all results and scores John Doe received.

24.

Any and all documents in their original form relating to the subject collision including all investigation and incident reports.

25.

Any and all documents relating to the maintenance of the subject vehicle in the last 5 years as well as all information relating whatsoever to the subject collision.

Respectfully submitted September 03, 2023

**NICK SCHNYDER LAW FIRM, LLC**

By: */s/ Jeff Yashinsky*
JEFF YASHINSKY, Esq.
Georgia Bar No. 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SANQUITA BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| WALMART TRANSPORTATION, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC CORPORATION, | * | |
| | * | |
| Defendants. | * | |

**CERTIFICATE OF SERVICE**

This certifies that Plaintiff scheduled service on Defendant Walmart Inc. of **Plaintiff's First Request for Production of Documents** hand attached as part of service of the Complaint in the above-named matter.

Respectfully submitted September 03, 2024

NICK SCHNYDER LAW FIRM, LLC

By: */s/ Jeff Yashinsky*
Jeff Yashinsky, Esq.
Georgia Bar No 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV421
A - ROBERT D. ALEXANDER
SEP 03, 2024 09:10 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| SANQUITA BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| WALMART, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC, CORP., | * | |
| | * | |
| Defendants. | * | |

**5.2 CERTIFICATE OF SERVICE**

I hereby certify that I have arranged for service of **Plaintiff's First Request for Production of Documents, Plaintiff's Request for Admissions, Plaintiff's Notice of Deposition, and Plaintiff's First Interrogatories to Defendant** WALMART INC., along with and attached to the Complaint.

Respectfully submitted September 03, 2024.

NICK SCHNYDER LAW FIRM, LLC

By:*/s/ Jeff Yashinsky*
JEFF YASHINSKY, Esq.
Georgia Bar No. 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV421
A - ROBERT D. ALEXANDER
SEP 03, 2024 09:10 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SANQUITA BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| WALMART TRANSPORTATION, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC CORPORATION, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WALMART TRANSPORTATION, INC.**

**COMES NOW**, Plaintiff in the above-styled action, by and through his undersigned attorney, pursuant to O.C.G.A. § 9-11-36, and serves upon Defendant Walmart Transportation, Inc. this Plaintiff's First Request for Admissions to Defendant Walmart Transportation, Inc. (hereinafter "Defendant Walmart Transportation").

Answers should specifically admit or deny the matter or set forth in detail the reasons why Defendant cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that he has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny.

**ADMISSIONS**

1.

Please admit that John Doe was an employee of Defendant WALMART TRANSPORTATION at the time of the incident described in the complaint.

2.

Please admit that John Doe was acting within the scope of his employment and/or agency with Defendant WALMART TRANSPORTATION at the time of the incident described in the complaint.

3.

Please admit that Defendant WALMART TRANSPORTATION is responsible for the actions of John Doe at all times relevant to this litigation.

4.

Please admit that Defendant WALMART TRANSPORTATION had sole supervisory authority over Defendant John Doe on the date of the subject collision.

5.

Please admit that Defendant WALMART TRANSPORTATION owned the subject truck involved in the subject collision.

6.

Please admit that Defendant WALMART TRANSPORTATION was solely responsible for the hiring, training, and retention of Defendant John Doe pertaining to his subject job on the date of incident.

7.

Please admit that Defendant WALMART TRANSPORTATION performed no post

collision drug testing of Defendant John Doe after the subject collision.

8.

Please admit that Defendant Walmart Transportation did not punish or fire Defendant John Doe as a result of the subject collision.

9.

Please admit that Defendant John Doe admitted fault for the subject collision to Defendant Walmart Transportation.

10.

Please admit that the subject vehicle was functioning properly prior to the subject collision.

11.

Admit that venue is proper in this case.

12.

Admit that Defendant did not perform a drug or alcohol screening of Defendant John Doe after the subject collision.

13.

Admit that Defendant knew Defendant John Doe was unfit to drive the subject vehicle prior to the subject collision.

Respectfully submitted September 03, 2024

**NICK SCHNYDER LAW FIRM, LLC**

By:*/s/ Jeff Yashinsky*
JEFF YASHINSKY, Esq.
Georgia Bar No. 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

**IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| SANQUITA BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| WALMART, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC CORPORATION, | * | |
| | * | |
| Defendants. | * | |

**CERTIFICATE OF SERVICE**

This certifies that Plaintiff scheduled service on Defendant Walmart Transportation of **Plaintiff's First Request for Admissions** hand attached as part of service of the Complaint in the above-named matter.

Respectfully submitted September 03, 2024

NICK SCHNYDER LAW FIRM, LLC

By: /s/ Jeff Yashinsky

Jeff Yashinsky, Esq.
Georgia Bar No.780370
Attorney for Plaintiff's

351 Atlanta Street SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV421
A - ROBERT D. ALEXANDER
SEP 03, 2024 09:10 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SANQUITA BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| WALMART TRANSPORTATION, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC CORPORATION, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES TO DEFENDANT WALMART TRANSPORTATION, LLC.**

COMES NOW, Plaintiff by and through the undersigned counsel pursuant to the Georgia Civil Practice Act. Defendant Walmart Transportation, LLC. (hereinafter referred to as "Walmart Transportation") is required to answer these interrogatories separately and fully in writing under oath and to serve a copy of its answers upon counsel for Plaintiff within forty-five (45) days after personal service.

**INSTRUCTIONS**

These interrogatories shall be deemed continuing and shall require supplemental answers. If you produce business records, pursuant to or in lieu of answering any interrogatory, you must specify the business records from which the answer to the interrogatory may be derived or ascertained and afford Plaintiff reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts, or summaries.

In answering the following interrogatories, you are requested to give full and complete answers based upon your personal knowledge as well as that of any agent,

employee, investigator, or attorney who has obtained information on your behalf.

(A) Each interrogatory shall be answered separately and under oath. If any answer is based upon information and belief rather than personal knowledge, it should state that it is made on that basis.

(B) If the complete answer to an interrogatory is not known, state and answer as fully as possible each part of the interrogatory to which an answer is known.

(C) If any information is withheld under any claim of privilege:

(i) State the basis upon which privilege is claimed;

(ii) Identify, as defined below, the source of the information;

(iii) Identify, as defined below, each person from whom the information was obtained;

(iv) Identify, as defined below, every document which evidences or relates to such information; and

(v) State the subject matter of the information sufficient for purposes of identification.

## DEFINITIONS

(A) As used herein, "Defendant Walmart Transportation," "you," and "your" refers to Defendant Walmart Transportation, Inc. separately and individually, and any attorneys, agents, or representatives of any kind acting on his behalf.

(B) As used herein, the word "document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, interoffice or intra-office communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices,

tapes, discs, data sheets, data cards, computer printouts, software and other computer related materials, and every other written, typed, recorded, transcribed, filed, or graphic matter of any type or nature.

(C) As used herein, the word "person" shall mean any and all individuals, firms, partnerships, corporations, proprietorships, joint ventures, associations, governmental units, trusts, estates, and every other type of organization or entity.

(D) As used herein, the word "date" shall mean the exact day, month, and year, if ascertainable; otherwise, the word "date" shall mean the best available approximation (including the relationship to other events).

(E) As used herein, the word "identify," when used in reference to:

(1) An individual, shall mean to state his or her full name, present or last known residence address (designating which), and present or last known business affiliation (designating which), job title and employment address, and present or last known telephone numbers for such residence and employers.

(2) A firm, partnership, corporation, proprietorship, association, or other organization or entity, shall mean to state its full name and present or last known (designating which) address(es) and telephone number(s).

(3) A document, shall mean to state the title (if any) and date; to identify, as defined above, the author(s), sender(s), recipient(s), person(s) signing it; to state the type of document (i.e., a letter, memorandum, book, telegraph, chart, etc.) or some better means of identifying it; and to provide a summary of its contents (except that if a privilege is claimed, provide a description of the subject matter sufficient for identification). If any document so identified was, but is no longer, in your

possession, custody, or control, state what disposition was made of it, when, why, by whom, and if applicable, identify to whom it was transmitted and identify the last known person having possession of it and state its last known location. In the case of a document within your (as defined above) possession, custody, or control, state whether you will make it available to the undersigned attorneys for inspection and/or copying.

(F) As used herein, "Occurrence" refers to the incident(s), collision(s), or event(s) that give rise to this lawsuit; specifically, the collision alleged in Plaintiff's Complaint.

(G) As used herein, "Defendant John Doe" and/or "John Doe" refers to the driver of the Walmart Transportation vehicle with the Indiana license plate tag on its trailer "P546174" that is identified as the vehicle involved in the subject wreck on December 9, 2022.

(H) In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; and the feminine includes the masculine.

**INTERROGATORIES**

1.

If you allege any defense to this action based on jurisdiction, venue, issuance of process, process itself, or service of process, including, but not limited to, any alleged failure to comply with the provisions of any Georgia law, as to each such defense, state the following:

(a) A detailed basis for each such defense and each and every fact upon which you rely in asserting such defense;

(b) Provide a complete description of all documents reflecting such facts or which you contend support the assertion of any such defense;

(c) Name, position and address of all persons with knowledge of such facts.

2.

State the name and address of any person, including any party, who, to your knowledge, information or belief:

(a) Was an eyewitness to the incident complained of in this action;

(b) Has some knowledge of any fact or circumstance upon which your defense is based;

(c) Has conducted any investigation relating to the incident complained of or the background, employment, medical history or activities of any party to this action.

3.

To your knowledge, information or belief, has any person identified in answering the preceding interrogatory given any statement or report in connection with this action? If so, describe such statement or report and give the name and address of the person having custody and control thereof.

4.

To your knowledge, information or belief, are there any videotapes, photographs, plats or drawings of the scene of the incident referred to in the complaint? If so, please describe such videotapes, photographs, plats or drawings and give the name and address of the person having custody and control thereof.

5.

Has any entity issued a policy of liability insurance to Defendant Walmart Transportation? If so, state the names of all insurers providing liability insurance and give the limits of coverage of each such policy.

6.

Has any insurer referred to above denied coverage or reserved its right to later deny coverage under any such policy of liability insurance? If so, please explain.

7.

Do you contend that Plaintiff caused or contributed to the incident in question? If so, state with particularity each and every contention made in this regard.

8.

If you intend to call any expert or technician as a witness at the trial of this action, state the subject matter on which he/she is expected to testify and state in detail the opinions held by each such expert or technician and give a complete summary of the grounds for each opinion held.

9.

Please identify the employment relationship between Defendant John Doe, Defendant Walmart, and Defendant Walmart Transportation, LLC. on the date of this accident.

10.

Please identify the specific vehicle Defendant John Doe was operating at the time of this accident.

11.

Please identify all documents setting forth Defendant Walmart Transportation's Company regulations and specifications relating to the operation of the vehicle Defendant John Doe was operating at the time of this accident.

12.

State the point of origin, destination and reason for the trip being made by Defendant John Doe at the time of the accident referred to in the complaint.

13.

Please state in detail the factual basis for each defense you have raised in your answer to the complaint.

14.

Please state any and all known citations or road violations Defendant John Doe has received while employed with your company. State the charge, where the charge was issues, how it was resolved, and when Defendant Walmart Transportation learned of the infraction.

15.

Please state all disciplinary action taken against Defendant John Doe while employed with Defendant Walmart Transportation in the last fifteen (15) years. State the reasons for the actions and any punishments handed down against Defendant John Doe.

16.

Please state if drug or alcohol testing was performed on Defendant John Doe as a result of the subject collision. Please state the outcome of the test, where the test was performed, by whom, what the test did and did not cover, and the date and time of the test. If no such tests were performed, please state why they were not.

17.

Has Defendant John Doe ever been suspended while employed with Defendant Walmart Transportation? If so please state when the suspension occurred and the reasons for the suspension.

18.

Please identify all onboard monitoring devices on the subject vehicle on the date of incident including cameras, black boxes, or governors. Please state if any information was recorded from the subject incident and what party is in possession of the information obtained.

19.

Please identify any and all documents known to you or which are in your possession relating to Defendant John Doe's driving record including but not limited to any and all collisions she was involved in prior to and while employed with Defendant Walmart Transportation.

20.

Please identify any and all documents known to you or which are in your possession any and all documents relating to Defendant Walmart Transportation's knowledge of Defendant John Doe's experience and qualifications for driving for Defendant Walmart Transportation.

21.

Please identify any and all documents known to you or which are in your possession any and all documents or policies relating to how Defendant Walmart Transportation scores or rates the performance of their drivers including but not limited to their "Matrix" system.

22.

Please identify any and all documents known to you or which are in your possession any and all documents, check sheets, or other forms filed or required to be filed by Defendant Walmart Transportation employee and/or contract drivers when utilizing their vehicles. If Defendant John Doe did not complete such forms pertaining to the date of incident, please state why.

23.

Any and all documents or policies relating to any training or documents Defendant Walmart Transportation's drivers are required to complete (including but not limited to the TENS test) including all results and scores Defendant John Doe received.

24.

Any and all documents in their original form relating to the subject collision including all investigation and incident reports.

25.

Please state when you first became aware of the subject collision, and by what means.

Respectfully submitted September 03, 2024

**NICK SCHNYDER LAW FIRM, LLC**

By: */s/ Jeff Yashinsky*
JEFF YASHINSKY, Esq.
Georgia Bar No. 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SANQUITA BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| WALMART TRANSPORTATION, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC CORPORATION, | * | |
| | * | |
| Defendants. | * | |

**CERTIFICATE OF SERVICE**

This certifies that Plaintiff scheduled service on Defendant Walmart Transportation of **Plaintiff's First Interrogatories** hand attached as part of service of the Complaint in the above-named matter.

Respectfully submitted September 03, 2024

**NICK SCHNYDER LAW FIRM, LLC**

By: */s/ Jeff Yashinsky*
Jeff Yashinsky, Esq.
Georgia Bar No. 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV421
A - ROBERT D. ALEXANDER
SEP 03, 2024 09:10 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA**

SANQUITA BROWN, *
*
Plaintiff, *
* CIVIL ACTION FILE NO.
v. *
*
WALMART TRANSPORTATION, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC CORPORATION, *
*
Defendants. *

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WALMART TRANSPORTATION, LLC.**

COMES NOW, Plaintiff, by and through the undersigned counsel pursuant to O.C.G.A. § 9-11-26, § 9-11-34, and serves this First Request for Production of Documents and Notice To Produce in the above styled action upon Defendant Walmart Transportation, LLC. (herein after "Defendant Walmart Transportation"). Defendant Walmart Transportation is required to comply with said Code sections as follows:

## I. INSTRUCTIONS

If any document is withheld under any claim of privilege, each and every document for which a privilege is claimed shall be identified by providing the following information:

(a) date of creation,

(b) every person known to have seen such document or to have been told of the contents of such document,

(c) the subject matter of such document sufficient for identification, and

(d) the basis upon which such privilege is claimed.

If any document so identified was, but is no longer, in you possession, custody or control,

state what disposition was made of it, when, why, by whom, and if applicable, identify to whom it was transmitted and identify the last known person having possession of it and its last known location.

This request for production of documents shall be continuing as required by O.C.G.A. § 9-11-26(e).

All documents produced pursuant to this request shall be produced in separate groups of documents responsive to each separate request.

All definitions set forth below shall be carefully followed:

## II. DEFINITIONS

(1) "Person" shall mean natural person, corporation, partnership, proprietorship, association, organization, or group of persons.

(2) "Document" shall mean every writing or record, however produced, reproduced, or preserved, including, but not limited to, books, pamphlets, periodicals, letters, memoranda, telegrams, reports, records, studies, intra-office or interoffice communications, memoranda reflecting oral communications, handwritten or other notes, work papers, drafts, applications, permits, charts, drawing papers, graphs, surveys, indices, tapes, microfilm, microfiche, discs, data sheets, data processing cards, computer printouts, software and other computer-related materials, photographs, negatives, film, and every other written, typed, recorded, transcribed, filed, or graphic matter.

(3) As used herein, "Defendant", "you" and "your" refers to Defendant, individually, and any attorneys, agents, employees, contractors, or representatives of any kind that have acted or that are acting on his or her behalf.

(4) As used herein, the term "Occurrences" refers to the incidents or events that give

rise to this lawsuit; specifically, the assault and battery alleged in Plaintiff's Complaint.

(5) As used herein, "Defendant John Doe" and/or "John Doe" refers to the driver of the Walmart Transportation vehicle with the Indiana license plate tag on its trailer "P546174" and is identified as the vehicle involved in the subject wreck with Plaintiff's vehicle on December 9, 2022.

(6) In these requests, the singular includes the plural; the plural includes the singular; the masculine includes the feminine; the feminine includes the masculine.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1.

Please produce any and all documents used in the preparation and response to Plaintiff's Interrogatories to Defendant.

2.

Please produce any reports or documents created by you relating to the accident, which forms the subject of this lawsuit.

3.

Please produce a copy of any insurance documents (including the full policy) that may provide indemnification for the claim asserted against you regardless of whether you believe it affords coverage or not.

4.

Please produce all photographs, videos, charts, or drawings referenced in Plaintiff's interrogatories.

5.

Please produce a copy of any reports including incident reports, accident reports or

other documents compiled as a result of any investigation conducted by Defendant or on Defendant's behalf in connection with the collision referenced in Plaintiff's complaint.

6.

The declaration pages and a full copy of all insurance policies including umbrella policies which affords Defendant insurance on the date of incident, whether or not it is your opinion it offers coverage for this incident.

7.

All government statutes, ordinances, standards, regulations and other laws that you contend support your defenses in this matter.

8.

All reports, correspondence, memos, notes, photos, exhibits and other documents embodying observations, calculations, illustrations and opinions from experts who may testify at trial concerning these occurrences or other subject matter involved in this lawsuit.

9.

All documents (including text messages or apologies) that relate to any attempts made by Defendant to resolve the matters that form the basis for this lawsuit.

10.

Any document prepared as a result of the incident complained of in Plaintiff's Complaint including memorandums, emails, investigations, text message, social media, facebook posts etc.

11.

Any documents relating to any communication between you, or anyone acting on your behalf, with any of Plaintiff's doctors, hospitals, or other healthcare providers concerning Plaintiff's condition after the happening of the subject injury.

12.

Any documents, contracts, agreements or other records evidencing or referencing the driver of the vehicle identified as the Walmart Transportation truck involved in the subject accident, having Indiana trailer license plate tag No. P546174 and that was involved in the subject accident with Plaintiff on December 9, 2022.

13.

Please produce the complete personnel file of the driver of the vehicle identified as the Walmart Transportation truck involved in the subject accident, having Indiana trailer license plate tag No. P546174 and that was involved in the subject accident with Plaintiff on December 9, 2022.

14.

Any and all vehicle maintenance, inspection or operational logs for the Walmart Transportation truck involved in the subject accident, having Indiana trailer license plate tag No. P546174 and that was involved in the subject accident with Plaintiff on December 9, 2022.

15.

Any certification, licenses, or other training John Doe has which allows him to operate the vehicle or type of vehicle she was operating at the time of this accident.

16.

Any documents obtained through a request for production of documents or subpoena. In lieu of this, you may attach copies thereof to your answers to these interrogatories.

17.

In regard to any document that has not been produced on grounds of privilege, please state the following:

(a) The date each document was generated;

(b) The person generating each document;

(c) The present custodian of each document;

(d) A description of each document.

18.

All documents or information retrieved from the subject vehicle including but not limited to governors, black boxes, radios, cameras, etc.

19.

Any and all documents relating to John Doe's driving record including but not limited to any and all collisions she was involved in prior to and while employed with Defendant Walmart Transportation.

20.

Any and all documents relating to Defendant Walmart Transportation's knowledge of John Doe's experience and qualifications for driving for Defendant Walmart Transportation.

21.

Any and all documents or policies relating to how Defendant Walmart Transportation scores or rates the performance of their drivers including but not limited to their "Matrix" system.

22.

Any and all document, check sheets, or other forms filed or required to be filed by Defendant Walmart Transportation drivers when utilizing their vehicles. If Defendant John Doe did not complete such forms pertaining to the date of incident, please state and why.

23.

Any and all documents or policies relating to any training or documents Defendant Walmart Transportation's drivers are required to complete (including but not limited to the TENS test) including all results and scores John Doe received.

24.

Any and all documents in their original form relating to the subject collision including all investigation and incident reports.

25.

Any and all documents relating to the maintenance of the subject vehicle in the last 5 years as well as all information relating whatsoever to the subject collision.

Respectfully submitted September 3, 2024

**NICK SCHNYDER LAW FIRM, LLC**

By:*/s/ Jeff Yashinsky*
JEFF YASHINSKY, Esq.
Georgia Bar No. 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

**IN THE STATE COURT OF JACKSON COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| SANQUITA BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| WALMART TRANSPORTATION, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC CORPORATION, | * | |
| | * | |
| Defendants. | * | |

**CERTIFICATE OF SERVICE**

This certifies that Plaintiff scheduled service on Defendant of **Plaintiff's First Request for Production of Documents** hand attached as part of service of the Complaint in the above-named matter.

Respectfully submitted September 3, 2024

NICK SCHNYDER LAW FIRM, LLC

By:*/s/ Jeff Yashinsky*
Jeff Yashinsky, Esq.
Georgia Bar No 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta, GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV421
A - ROBERT D. ALEXANDER
SEP 03, 2024 09:10 AM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA**

| | | |
|---|---|---|
| SANQUITA BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION FILE NO. |
| v. | * | |
| | * | |
| WALMART, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC, CORP., | * | |
| | * | |
| | * | |
| | * | |
| Defendants. | * | |

**5.2 CERTIFICATE OF SERVICE**

I hereby certify that I have arranged for service of **Plaintiff's First Request for Production of Documents, Plaintiff's Request for Admissions, Plaintiff's Notice of Deposition, and Plaintiff's First Interrogatories to Defendant** WALMART TRANSPORTATION, LLC along with and attached to the Complaint.

Respectfully submitted September 03, 2024.

NICK SCHNYDER LAW FIRM, LLC

By:*/s/ Jeff Yashinsky*
JEFF YASHINSKY, Esq.
Georgia Bar No. 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV421
A - ROBERT D. ALEXANDER
SEP 03, 2024 03:03 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

**Clerk of Court**

**State Court of Jackson County, Georgia**

**Re: Sanquita Brown V. Walmart Inc., Wal-Mart Transportation, LLC, John Doe and ABC Corp.**

**TO:** **All Judges, Clerks of Court, and Counsel of Record**

**FROM:** **Jeff Yashinsky, Esq.**

**RE:** **Notice of Leave of Absence**

**COMES NOW, Jeff Yashinsky**, pursuant to Georgia Uniform Court Rule 16.1, and respectfully notifies all judges before whom they have cases case pending, all affected clerks of court, and all opposing counsel, that they will be on leave from the practice of law on the following dates:

**August 28, 2024, through September 1,2024**

**September 19,2024 through September 22,2024**

**October 3,2024 through October 4,2024**

**October 11,2024 through October 12,2024**

**February 6,2025 through February 12, 2025**

Applicant states that they will be out of state or on personal business during the indicated periods of time and will be unable to participate in trials, hearing, depositions, and other legal proceedings during this period.

All affected judges and opposing counsel shall have ten days from the date of this Notice to object. If no objections are filed, the leave shall be granted.

Respectfully submitted September 03, 2024.

NICK SCHNYDER LAW FIRM, LLC

By:*/s/ Jeff Yashinsky*
JEFF YASHINSKY, Esq.
Georgia Bar No. 780370
Attorney for Plaintiff

351 Atlanta St. SE
Marietta GA 30060
Phone: 404-902-3553
Fax: 404-341-9969
jyashinsky@schnyderlawfirm.com

EFILED IN OFFICE
CLERK OF STATE COURT
JACKSON COUNTY, GEORGIA
24SV421
A - ROBERT D. ALEXANDER
SEP 12, 2024 06:46 PM
Camie W. Thomas
Camie W. Thomas, Clerk
Jackson County, Georgia

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

SANQUITA BROWN,

Plaintiff,

v.

WALMART, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC, CORP.,

Defendants.

Civil Action File No. 24SV421

**MOTION TO OBTAIN PROCESS VIA PROCESS SERVER**

COMES NOW Jeff Yashinsky, Attorney for the Plaintiff in the above-styled action, and moves pursuant to O.C.G.A. 9-11-4 (c), for an order appointing Rodney McClellan to serve the Defendant with a copy of the Summons, Complaint for Damages, and any additional documents related to the above-styled action. Said agent is not a party in this action and has no interest in the outcome of this case.

Plaintiff shows that Rodney McClellan is an adult over eighteen years of age, citizen of the United States of America, is not a party to the above captioned action, and has never been convicted of a felony. Attached hereto as Exhibit A is a copy of Mr. McClellan's affidavit regarding his qualifications to serve process in this State.

WHEREFORE, Plaintiff requests that this Motion be granted, and Rodney McClellan be appointed to serve process on the Defendant.

This 12th day of September 2024

Respectfully submitted.

*/s/ Jeff Yashinsky*
Jeff Yashinsky
Georgia Bar No. 7803704
jyashinsky@schnyderlawfirm.com

**NICK SCHNYDER LAW FIRM, LLC**
351 Atlanta St. SE
Marietta, GA 30060
404-902-3553

# EXHIBIT A

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

SANQUITA BROWN,

Plaintiffs,

v.

WALMART, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC, CORP.,

Defendants.

Civil Action File Number: 24SV421

## AFFIDAVIT

**PERSONALLY** appeared before the undersigned officer duly authorized by law to administer oaths Rodney McClellan who, after being duly sworn, deposes and states the following:

1. That he/she is an adult over eighteen years of age.
2. That he/she is a citizen of the United States of America.
3. That he/she is not a party to the above captioned action.
4. That he/she has never been convicted of a felony.
5. That he/she has no interest in the outcome of this case.

Rodney McClellan

Sworn to and subscribed before me
this 6 day of September, 2024

NOTARY PUBLIC
My commission expires:

WILL DAUGHERTY NOTARY EXPIRES GEORGIA August 8, 2028 PUBLIC FORSYTH COUNTY

9/19/24 AE

FILED
STATE COURT
JACKSON COUNTY, GA

2024 SEP 16 PM 3:24

CAMIE W. THOMAS, CLERK

IN THE STATE COURT OF JACKSON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SANQUITA BROWN,<br>Plaintiff,<br>v.<br>WALMART, INC., WAL-MART TRANSPORTATION, LLC, JOHN DOE AND ABC, CORP.,<br>Defendants. | Civil Action File No. 24SV421 |

**ORDER GRANTING PLAINTIFF'S MOTION TO OBTAIN PROCESS VIA PROCESS SERVER**

Plaintiff's Motion for Special Appointment of Process Server has been read and considered, and it is appearing to this court that such an appointment is authorized by O.C.G.A. 9-11-4 (c) and should be made.

IT IS HEREBY ORDERED that Rodney McClelland be specially appointed to serve a copy of the Summons, Complaint for Damages, and any additional documents related to the above-styled action to the Defendant and to file proof of service as required by law.

SO ORDERED this 16th day of Sept, 2024

STATE COURT OF JACKSON COUNTY

**Robert D. Alexander, Judge**